NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM SLOVER, | : | |
| Plaintiff, | : | Civ. No. 08-02645 (GEB) |
| v. | : | MEMORANDUM OPINION |
| LIVE UNIVERSE, INC. | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff William Slover ("Plaintiff") for default judgment against Live Universe, Inc. ("Defendant") (Docket No. 5). The Court has considered the relevant submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant Plaintiff's motion.

I.   BACKGROUND

   A.   Procedural History

On May 28, 2008, Plaintiff filed a complaint in this Court. (Compl., Docket No. 1.) The case was subsequently referred to arbitration. On May 29, 2008, Plaintiff's summons and complaint were served on Defendant. (Certif. of Joel N. Kreizman, attached to Request for Default, Docket No. 3.) After Plaintiff filed a Request for Default on July 9 2008, the Clerk made an Entry of Default on July 10, 2008. (Request for Default, Docket No. 3.) Plaintiff made the present motion on December 19, 2008. (Docket No. 5.) As of the date of this opinion,

Defendant has not appeared in this case and has not answered, moved or otherwise responded to the summons and complaint.

### B.      Facts

This matter arises from a sale by Plaintiff to Defendant of a computer program developed by Plaintiff.  (Certif. Of William Slover ("Slover Certif."), ¶ 2, filed with Motion, Docket No. 5.) Both parties entered into an Asset Purchase Agreement and a Management Agreement for the purchase of the computer program on September 4, 2006.  (*Id*.)  The Management Agreement ended on its own terms on September 4, 2007.  (*Id*. at ¶ 3.)

As of November 2007, Defendant allegedly owed Plaintiff the sum of $128,000.  (*Id*. at ¶ 4.)  Plaintiff alleges that on or about November 27, 2007, both parties executed a Settlement Agreement and Mutual Release ("Settlement Agreement") in the amount of $128,000, setting forth a payment schedule for the amount owed.  (*Id*.; see also Settlement Agreement, attached as Exh. A to Slover Certif.)  On or about March 3, 2008, Plaintiff and Defendant entered into a Revised Agreement ("Revised Agreement"), replacing the  previously executed Settlement Agreement and Mutual Release between the parties and reducing the amount Defendant owed to Plaintiff to $96,000.00.[1]  (*Id*. at ¶ 5; see also Revised Agreement, attached as Exh. B to Slover Certif.)  The Revised Agreement contains the following language:

> On or before March 7, 2008, LU [Defendant] will deliver WS [Plaintiff], a check or wire in the amount of Thirty-Two Thousand Dollars (US $32,000.00), a check in the amount of Thirty-Two Thousand Dollars (US $32,000.00) on or before April 1, 2008 and a check in the amount of Thirty-Two Thousand Dollars (US $32,000.00) on or before May 1, 2008, when the total settlement amount of Nine-

---

[1]The Court notes that the copy of the Settlement Agreement submitted by Plaintiff is not signed by Defendant.  (Settlement Agreement.)  However, the Revised Agreement is signed by both parties.  (Revised Agreement.)

>Six [sic] Thousand Dollars (US $96,000.00) will have been paid to WS by LU (the "Full Payment").

(Revised Agreement, ¶ 2; Slover Certif., ¶ 5, Docket No. 5; Compl. at ¶ 2, Docket No. 1.) Plaintiff alleges that Defendant did not make any payments to Plaintiff as required by the Revised Agreement. (Compl. at ¶ 3, Docket No. 1.) Plaintiff further alleges that several requests for payment in accordance with the Revised Agreement were made by Plaintiff through counsel, but all requests for payment were ignored by Defendant. (*Id*. at ¶ 4.)

## II.     DISCUSSION

### A.     Default Judgment Standard

Default is governed by Federal Rule of Civil Procedure 55. Fed. R. Civ. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. Apr. 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250

F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. *Signs by Tomorrow - USA, Inc. v. Engel Co., Inc.*, No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Directv, Inc. v. Asher*, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6 (quoting *Directv, Inc.*, 2006 U.S. Dist. LEXIS 14027, at *2 (citation omitted)).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." Fed. R. Civ. P. 12.

    B.    Application

        1.    **Default Judgment is appropriate**

The Court concludes that Default Judgment is appropriate here. The facts as alleged in

the Complaint provide no indication of a meritorious defense.  Further, it appears that Plaintiff has been prejudiced because this action was filed on May 28, 2008, and Defendant has failed to properly respond in any substantial way to the allegations.  Defendant is also presumed culpable where it  has failed to answer, move, or otherwise respond.  *Palmer v. Slaughter*, No. 99-899, 2000 U.S. Dist. LEXIS 22118 at *5 (D. Del. July 13, 2000) (when Defendant "has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate" (citation omitted)).

Further, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action.  *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6.  Plaintiff avers that (1) both parties entered into the Settlement Agreement, which was subsequently amended by the Revised Agreement, (2) under the Revised Agreement, Defendant agreed to pay Plaintiff $96,000.00, (3) Defendant has failed to make any payments to Plaintiff as required under the Revised Agreement, and (4) requests made by Plaintiff for payment have been ignored by Defendant.  (Compl. at ¶ ¶ 1-4, Docket No. 1.)  As such, an award for Default Judgment is appropriate.

      2.    **Damages**

           a.    **Plaintiff Has Put Forth Sufficient Evidence to Demonstrate the Amount of Damages is Sum Certain.**

Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b).  However, the

Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id*.

In connection with the Motion, Plaintiff submitted the Certification of Plaintiff William Slover. (Slover Certif., filed with Motion, Docket No. 5.) In it, Plaintiff states that he entered into the Settlement Agreement with Defendant in the amount of $128,000.00 and that the Settlement Agreement was subsequently replaced by the Revised Agreement, in which Defendant agreed to pay Plaintiff the revised amount of $96,000.00 in three equal installments of $32,000.00. (Slover Certif., ¶¶ 4-5.) The payments were to be made on or before March 7, 2008, April 1, 2008, and May 1, 2008, respectively. (*Id*. at ¶ 5.) In addition to Plaintiff's certification, Plaintiff also submitted copies of both the Settlement Agreement and the Revised Agreement which support these contentions. (Settlement Agreement, attached as Exh. A to Slover Certif.; Revised Agreement, attached as Exh. B to Slover Certif.) Furthermore, Plaintiff states in his certification that Defendant had not made any of the scheduled payments and that several requests made by Plaintiff's counsel for payment were subsequently ignored by Defendant. (Slover Certif., ¶ 6.) This evidence is sufficient to demonstrate that Defendant owes Plaintiff in the amount of $96,000.00. Thus, pursuant to the Revised Agreement, Plaintiff is entitled to damages in the amount of $96,000.00.

### b. Plaintiff is Entitled to Prejudgment Interest.

Plaintiff also asserts that he is entitled to prejudgment interest. Accordingly, because this is a diversity action, this Court looks to both the Settlement Agreement and the Revised Agreement to determine the applicable state law for determining prejudgment interest. *See Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 646, 647 (D.N.J. 2006) (citing *Jarvis v.*

*Johnson*, 668 F.2d 740, 746 (3d Cir. 1982) ("[F]ederal courts in diversity cases should apply state law with respect to prejudgment interest")). The Settlement Agreement states that "[t]his Agreement is governed by, and is to be interpreted according to, the laws of the State of California." (Settlement Agreement, ¶ 9.) The Revised Agreement does not alter this clause of the Settlement Agreement. Rather, it states that "[a]ll other terms of the Settlement Agreement shall prevail." (Revised Agreement, ¶ 5.) As such, the Court must look to the laws of California in determining whether an award for prejudgment interest is appropriate.

Under California law, the right to prejudgment interest is established by California Civil Code § 3287. Cal. Civ. Code § 3287. California Civil Code § 3287(a), provides, in relevant part:

> Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt. This section is applicable to recovery of damages and interest from any debtor.

Cal. Civ. Code § 3287(a). The rule regarding the award of prejudgment interest hinges on the certainty of damages or their ability to be made certain. *Id.* Under Section 3287(a), such damages are certain or are capable of being made certain by calculation "where there is essentially no dispute between the parties concerning the basis of computation of damages if any are recoverable but where their dispute centers on the issue of liability giving rise to damage." *Hartford Fire Ins. Co. v. Mayer*, No. 07-711, 2007 U.S. Dist. LEXIS 83371 at *10-11 (S.D. Cal. Nov. 9, 2007) (internal quotations and citations omitted). The emphasis is on the "the *defendant's* knowledge about the amount of the plaintiff's claim," specifically whether "the

7

*defendant* actually [knew] the amount owed or from reasonably available information could the defendant have computed that amount." *Id.* at *11-12 (citing *Chesapeake Indus., Inc. v. Togova Enter. Inc.*, 197 Cal. Rptr. 348, 352 (Cal. Ct. App. 1983) (emphasis in original).

Here, the equities weigh in favor of awarding prejudgment interest to Plaintiff. Primarily, damages in this matter are certain pursuant to California Civil Code § 3287. The Revised Agreement explicitly states that the total sum owed by Defendant is $96,000.00. (Revised Agreement, ¶ 2, Docket No. 5.) Defendant was aware that it owed Plaintiff in that sum prior to the filing of the complaint because the parties had mutually agreed to the terms of the Revised Agreement. Pursuant to the Revised Agreement, Defendant was also aware that the sum was to be paid to Plaintiff in three separate installments of $32,000.00 on or about March 7, 2008, April 1, 2008, and May 1, 2008, respectively. *Id*. As such, Plaintiff was deprived the economic benefit of those funds owed by Defendant under the Revised Agreement. In contrast, Defendant has enjoyed the use of Plaintiff's funds without completing its end of the bargain. Such facts are sufficient justification to award prejudgment interest. *See Olvey v. Errotabere Ranches*, No. 06-653, 2008 U.S. Dist. LEXIS 49140 at *5 (E.D. Cal. June 17, 2008) (quoting *Wisper Corp. v. California Commerce Bank*, 57 Cal. Rptr. 2d 141, 149 (Cal. Ct. App. 1996) ("[I]t is clear the policy underlying the requirement for prejudgment interest where the damages are deemed 'certain' or 'capable of being made certain . . . is that in situations where the defendant could have timely paid that amount and has thus deprived the plaintiff of the economic benefit of those funds, the defendant should therefore compensate with appropriate interest")).

    c.  The Amount of Prejudgment Interest to Which Plaintiff is Entitled.

The appropriate amount on which to base the calculation of prejudgment interest is generally governed by Article XV, Section 1 of the California Constitution which provides, in relevant part:

> The rate of interest upon a judgment rendered in any court of this state shall be set by the Legislature at not more that 10 percent per annum. Such rate may be variable and based upon interest rates charged by federal agencies or economic indicators, or both.
>
> In the absence of the settling of such rate by the Legislature, the rate of interest on any judgement rendered in any court of the state shall be 7 percent per annum.

Cal. Const. art. XV, § 1. California case law has generally applied a default seven percent per annum rate in calculating prejudgment interest in the absence of any legislative act stating otherwise. *See Lund v. Albrecht*, 936 F.2d 459, 465 (9th Cir. 1991) (citing *Pacific-Southern Mortg. Trust Co. v. Ins. Co. of N. Am.*, 212 Cal. Rptr. 754, 761-62 (Cal. Ct. App. 1985)). However, in breach of contract claims, California Civil Code § 3289 controls. California Civil Code § 3289, provides, in relevant part, that:

> (a) Any legal rate of interest stipulated by a contract remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation.
>
> (b) If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.

Cal. Civ. Code § 3289. Accordingly, because the Revised Agreement does not specify a rate of interest in case of a breach, here the Court must apply the 10% per annum statutory interest rate, beginning from the date of the breach. *3A Entm't Ltd. v. Constant Entm't, Inc.*, No. 08-1274,

9

2009 U.S. Dist. LEXIS 11042 at *12 (N.D. Cal. Jan. 30, 2009).

The general rule in calculating interest in California is "that the law awards interest upon money from the time it becomes due and payable, if such time is certain and the sum is certain or can be made certain by calculation." *Schmidt v. Waterford Winery, Ltd.*, 1 Cal. Rptr. 874, 878 (Cal. Ct. App. 1960) (citations omitted).  Interest may be awarded where the amount due is made certain from a contract. *Id*. (internal quotations and citations omitted).  Accordingly, the Court is to calculate the amount of interest based on the certain amount from the date that amount was originally due up until the date of the Court's judgment. *See Mayer*, 2007 U.S. Dist. LEXIS 83371 at *12-13 (awarding prejudgment interest calculated from the date on which final payment was remitted to the date of judgment); *see also St. Paul Surplus Lines Ins. Co. v. Scottsdale Ins. Co.*, No. 94-3825, 1995 U.S. Dist. LEXIS 14280 at *8-9 (N.D. Cal. Sept. 27, 1995) (awarding prejudgment interest calculated from the date the settlement agreement was reached until the date of judgment).

In this case, Plaintiff's right to recovery is based on Defendant's breach of the Revised Agreement, which was entered into on March 3, 2008 and pursuant to which Defendant owed Plaintiff a total of $96,000.00.  (Revised Agreement, ¶ 2, Docket No. 5.)  However, because the Revised Agreement calls for payments to be made in three separate installments of $32,000.00 each, prejudgment interest is to be assessed on each installment, running from the date in which the each installment was due. *Id.*  Accordingly, the Court will award prejudgment interest on each individual installment for the period starting from the date that Defendant was to render payment of the installment, specifically March 7, 2008, April 1, 2008, and May 1, 2008, respectively, and running to the date of this Memorandum Opinion and accompanying Order. *Id*.

The interest rate to be used for each period is 10%.  Cal. Civ. Code § 3289(b).  With regard to the first installment, 10% of $32,000.00 is $3,200.00.  That amount divided by 366 days in a year,[2] equals the amount of interest due per diem, $8.74. The per diem total is then multiplied by 367, the number of days interest accrued in the period between March 7, 2008 until the date here of for a total of $3,207.58.

With regard to the second installment, as calculated above, 10% of $32,000.00 is $3,200.00.  Again, the amount is divided by 366 days in a year, equaling the amount of interest due per diem, $8.74.  The per diem total is then multiplied by 342, the number of days interest accrued in the  period between April 1, 2008 and the date here of for a total of $2,989.08.

Finally, with regard to the third installment, as calculated above, 10% of $32,000.00 is $3,200.00.  Again, the amount is divided by 366 days in a year, equaling the amount of interest due per diem, $8.74.  The per diem total is then multiplied by 312, the number of days interest accrued in the period between May 1, 2008 and the date here of for a total of $2,726.88.

Based on these calculations, Plaintiff is therefore entitled to prejudgment interest in the amount of $8,923.54 and so is entitled to a total award in the amount of $104,923.54.

        **d.**      **Plaintiff Does Not Put Forth Sufficient Evidence to Establish Costs.**

In addition to prejudgment interest, Plaintiff also requests that this Court award costs.  An award for appropriate attorneys' fees is contemplated in the parties' Settlement Agreement:

> The Parties agree that any claim concerning this Agreement, including claims for breach of this Agreement, may be brought in the Courts of the State of California.  The prevailing Party in any such action shall be awarded its reasonable attorneys' fees.

---

[2] 2008 was a Leap Year and thus lasted 366 days.

(Settlement Agreement, ¶ 8, Docket No. 5.)  The Revised Agreement does not stipulate any changes to this clause nor is any mention of payment of costs made in either agreement.  Plaintiff also does not cite any authority which would allow this Court to grant an award for costs.

Accordingly, based on this language within the Settlement Agreement, attorneys' fees which have incurred from the time of the breach of the Revised Agreement are to be awarded to Plaintiff.  *See Bd. of Trs. v. Villa Elec., Inc.*, No. 07-1342, 2008 U.S. Dist. LEXIS 40198, at *11-12 (E.D. Cal. May 19, 2008) (noting that attorneys' fees provided for within a settlement agreement are to be awarded in the amount incurred after the breach of the agreement).  However, Plaintiff has not put forth sufficient documentary evidence to demonstrate the amount of attorneys' fees incurred in connection with this litigation in a sum certain.  As the Court is not required to take Plaintiff's allegations regarding the amount of attorneys' fees as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine attorneys' fees in a sum certain within 20 days of the date of this opinion and order.  *See Signs*, 2006 US Dist Lexis 56456, at *5-6 (citing *Corbin*, 908 F.2d at 1149; *Asher*, 2006 U.S. Dist. LEXIS 14027, at *1.)  If Plaintiff fails to timely submit such evidence, the Court will assume that this claim for appropriate attorneys' fees has been waived.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted and judgment in the amount of $104,923.54 is entered in favor of Plaintiff.  Decision is reserved on Plaintiff's claim for attorneys' fees.  An appropriate form order is filed herewith.


Dated: March 9, 2009

                                          /s/ Garrett E. Brown, Jr.
                                    GARRETT E. BROWN, JR., U.S.D.J.