<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM SLOVER, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-02645 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| LIVE UNIVERSE, INC. | : | |
| | : | |
| Defendant. | : | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon plaintiff William Slover's ("Plaintiff") Certification of Services Rendered ("Certification"). (Docket No. 8.) The Court has considered the Certification of Services Rendered and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will enter a judgment for attorneys' fees against defendant Live Universe, Inc. ("Defendant") in the amount of $3,679.71.

**I.   BACKGROUND**

On May 28, 2008, Plaintiff filed a complaint in this Court alleging that Defendant owed Plaintiff in the sum of $96,000.00 pursuant to a Revised Agreement ("Revised Agreement") entered into by the parties. (Compl. at ¶ 5, Docket No. 1.) As of November 2007, Defendant allegedly owed Plaintiff the sum of $128,000.00. (*Id*. at ¶ 4.) Plaintiff alleged that on or about November 27, 2007, both parties executed a Settlement Agreement and Mutual Release ("Settlement Agreement") in the amount of $128,000.00 setting forth a payment schedule for the

amount owed. (*Id*.; see also Settlement Agreement, attached as Exh. A to Slover Certif., Docket No. 5.) On or about March 3, 2008, Plaintiff and Defendant entered into a Revised Agreement, replacing the previously executed Settlement Agreement and reducing the amount Defendant owed to Plaintiff to $96,000.00. (*Id*. at ¶ 5; see also Revised Agreement, attached as Exh. B to Certif. of William Slover, Docket No. 5.) Plaintiff alleged that Defendant did not make any payments to Plaintiff as required by the Revised Agreement. (Compl. at ¶ 3, Docket No. 1.) Plaintiff further alleged that several requests for payment were made by Plaintiff through counsel, but all requests were ignored by Defendant. (*Id*. at ¶ 4.)

On May 29, 2008, Plaintiff served Defendant with the summons and complaint. (Certif. of Joel N. Kreizman, attached to Request for Default, Docket No. 3.) After Plaintiff filed a Request for Default on July 9, 2008, the Clerk made an Entry of Default on July 10, 2008. (Request for Default, Docket No. 3.) On December 19, 2008, Plaintiff filed a Motion for Default Judgment against Defendant. (Docket No. 5.) On March 9, 2009, the Court issued a Memorandum Opinion and Order, granting Plaintiff's Motion and awarding Plaintiff damages and pre-judgment interest. (Docket Nos. 6, 7). The Court held that Plaintiff had submitted sufficient evidence to demonstrate the amount of damages resulting from the Revised Agreement as well as pre-judgment interest and so entered judgment in Plaintiff's favor of $104,923.54. (Mem. Op. at 13, Docket No. 6.) However, finding that Plaintiff had failed to submit sufficient documentary evidence regarding Plaintiff's attorneys' fees, the Court ordered Plaintiff to submit further evidence that included sufficient information to determine his attorneys' fees in a sum certain. (*Id*. at 12.) In response, Plaintiff submitted the Certification on March 9, 2009. (Docket No. 8.)

II.     DISCUSSION

       A.     **Plaintiff Has Put Forth Sufficient Evidence to Demonstrate the Amount of Attorneys' Fees in a Sum Certain**.

Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b). However, the Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id*.

    In the Certification, Plaintiff's counsel, Mr. Joel N. Kreizman, Esq., states that his hourly rate is $335.00 and that he spent a total of 9.30 hours on Plaintiff's matter, which has resulted in a total of $3,115.50 in attorneys' fees. (Certif. at ¶ 2, Docket No. 8.) Mr. Kreizman also states that miscellaneous costs related to this matter total $564.21. (*Id*. at ¶ 3.) The Certification also includes a detailed bill outlining Mr. Kreizman's activities as well as the attendant costs with respect to this litigation. (*Id.* at 2-3.) In light of the foregoing, Plaintiff asks that this Court award attorneys' fees and costs in the amount of $3,679.71. (*Id*. at ¶ 3.)

As this Court noted in its Memorandum Opinion, an award for reasonable attorneys' fees was contemplated in the parties' Settlement Agreement. (Mem. Op. at 11-12, Docket No. 6.) Accordingly, the Court finds that the evidence submitted by Mr. Kreizman is sufficient to demonstrate that Plaintiff has incurred reasonable attorneys' fees and costs as a result of this matter. Thus, in addition to the judgment previously entered in the amount of $104,932.54 for

damages and pre-judgment interest, Plaintiff is also entitled to attorneys' fees and costs in the amount of $3,679.71, or a total amount of $108,603.25.

### III. CONCLUSION

For the foregoing reasons, attorneys' fees in the amount of $3,679.71 is entered in favor of Plaintiff. An appropriate form of order is filed herewith.

Dated: April 2, 2009

/s/ Garrett E. Brown
GARRETT E. BROWN, JR., U.S.D.J.
